**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS,
WESTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER ARMES, individually and on behalf of all others similarly situated, | )<br>)<br>) Case No. 07 C 5766 |
| Plaintiff, | )<br>) Magistrate Judge Mahoney<br>) (consent filed) |
| v. | ) |
| SHANTA ENTERPRISE, INC.<br>d/b/a Super 8 Motel-Rockford, | )<br>)<br>) |
| Defendant. | ) |

## THE PARTIES' JOINT RESPONSE TO OBJECTIONS TO CLASS ACTION SETTLEMENT

Every settlement is a compromise. In this case, Plaintiff agreed to settle his and the class members' claims against Defendant for its alleged printing of credit card numbers and expiration dates on receipts that it provided to its customers, in violation of the Fair and Accurate Credit Transactions Act ("FACTA"). According to the terms of the settlement, class members that do not exclude themselves will receive a fully transferrable voucher for a free night's stay at Defendant's motel, which is the precise location where they would have received the allegedly violating receipt.

Notice of the class action settlement was mailed directly to 5,290 class members. Of those, only 5 class members, or 0.0945% of the class, filed objections to the proposed settlement. These objections do not state that the settlement terms are unfair or unreasonable. Rather, and in fact, the common complaint is that the objectors would prefer to receive money or a voucher for a stay at a different motel. As explained below, no objector provides a legitimate basis to deny final approval of the proposed class action settlement.

## I. NONE OF THE OBJECTIONS JUSTIFY DENYING FINAL APPROVAL.

"Federal courts favor settlement, so the district court's inquiry into the settlement structure is limited to whether the settlement is lawful, fair, reasonable, and adequate."[1] A settlement is not unlawful, unfair, inadequate, or unreasonable simply because it does not offer every possible form of relief or the full relief sought in the lawsuit.[2] And courts routinely approve settlements where the benefit offered to the class members does not match the potential recovery available to the plaintiffs if the dispute was fully litigated and the plaintiffs prevailed.[3] Indeed, if a settlement was deemed fair and adequate only if it offered the settlement class precisely what was sought in the litigation, few, if any, class actions would ever settle.

Once the court has given preliminary approval, an agreement is presumptively reasonable, and an individual who objects has a heavy burden in demonstrating that the settlement is unreasonable. *See Mangone v. First USA Bank*, 206 F.R.D. 222, 227 (S.D. Ill. 2001) ("In reviewing the substance of the objections to the proposed Settlement, this Court's role is not to determine whether the proposed settlement has achieved perfection. It is true that something could always be added to every class action settlement to make it more favorable to class members, but that is not the standard by which class action settlements should be measured.") Moreover, in evaluating the objections, a trial court should neither decide the merits nor proceed from the assumption that victory is assured and that all claimed damages are

---

[1] *Uhl v. Thoroughbred Tech. & Telecommunications, Inc.*, 309 F.3d 978, 986 (7th Cir. 2002) (*citing Isby v. Bayh*, 75 F.3d 1191, 1198-99 (7th Cir. 1996)).

[2] *See Susquehanna Corp. v. Korholz*, 84 F.R.D. 316, 322 (N.D. Ill. 1979); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

[3] *Susquehanna Corp.*, 84 F.R.D. at 322, 325; *In re Mexico Money Transfer Litigation*, 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000).

properly recoverable.[4]  Unless there are a significant number of objections that raise demonstrably serious questions about the settlement, the objections should be overruled.[5]

**A. Opposition To The Settlement Is Infinitesimal.**

Only 5 of the 5,290 class members objected to the settlement, which is 0.0945% of the class.  Such a low percentage rate supports final approval.[6]  *See Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996) (settlement not rejected where 13% of class submitted written objections); *In re Harnischfeger Industries, Inc. Securities Litig.*, 212 F.R.D. 400, 410 (E.D. Wis. 2002) ("A favorable reception by the class is evidence of the proposed settlement."); *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 906 (S.D. Ohio 2001) (*citing* Herbert Newberg and Alba Conte, NEWBERG ON CLASS ACTIONS, § 11.48 (3d ed. 1992) ("[A] relatively small number of class members who object is an indication of a settlement's fairness.")).

**B. The Objectors Do Not State That The Relief To The Class As A Whole Is Inadequate.**

None of the objections state that the relief to the class is unfair or unreasonable, only that individually, they would prefer to receive something other than a voucher for a free night's stay at Defendant's motel.  Specifically two objectors indicated they would prefer to receive money instead,[7] one requested a voucher for another Super 8 motel,[8] and another does not offer an

---

[4] *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 314-15 (7th Cir. 1980), *overruled on other grounds*, *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998)).

[5] *Steiner v. Fruehauf Corp.*, 121 F.R.D. 304, 306-08 (E.D. Mich. 1988).

[6] Objections were filed by Amos J. Pullens, Delores Hicks, Daniel Dasenbrock, and Francis Zidwick. *See* Exhibits A-D. Additionally, Suzanne A. Helm filed a letter with the court, that did not specifically object to the settlement, but indicated that she would not likely go back to Defendant's motel. *See* Exhibit E. William and Donna Stewart also submitted a letter to Plaintiff's counsel, but did not file with the court, that, while neither specifically objecting nor excluding themselves, indicated that they would not go back to Defendant's motel. *See* Exhibit F.

[7] *See* Objection of Amos J. Pullens, attached as Exhibit A, Objection of Delores Hicks, attached as Exhibit B.

alternative.[9]  As an initial matter, these objections are more akin to exclusions because they do not speak to the fairness of the settlement, only that they would prefer to receive something different, which is exactly what they could seek if they opted out of the settlement and sued individually.  The benefits to the overall class should not be held hostage or denied because a few persons complain that they would rather have something else.

Moreover, a settlement should be approved by the court even though certain class members object.[10]  As stated by Judge Posner, "[c]lass action procedures are designed to handle disputes where there are many parties.  There is no way such disputes could be settled on the basis of unanimity.  When a district judge approves a class action settlement pursuant to Rule 23(e), he almost always overrides the wishes of some class members for a bigger share of the pie."[11]  Here, the objectors offer no evidence as to why the class relief is unfair or inadequate to the class as a whole, and as a result, the objectors do not meet their heavy burden of demonstrating that the settlement is unreasonable and should be rejected.  As such, the objections should be overruled.

Finally, it is common for objectors to criticize settlements that provide vouchers.  But in this case, the vouchers have real value because they are fully transferable, meaning that for those that do not want to return to Defendant's motel, they could sell the voucher for the free night's stay to another.  Many courts approve settlements that give class members a benefit in a form

---

[8]  *See* Objection of Daniel Dasenbrock, attached as <u>Exhibit C</u>.  The Defendant in this case is a franchise, not Super 8 itself.  Defendant does not have the ability to offer a voucher for a free night's stay to Super 8 motels other than its own without incurring more of a financial burden.

[9]  *See* Objection of Francis Zidwick, attached as <u>Exhibit D</u>, in which he states that he does not want the voucher, but does not indicate what type of relief he would prefer.

[10]  *See* 3B James Wm. Moore, *Moore's Federal Practice*, ¶ 23, 1.24[2] (1987).

[11]  *Curtiss-Wright Corp. v. Helfand*, 687 F.2d 171, 175 (7th Cir. 1982).

4

other than cash recovery.[12]

### C. The Award To Plaintiff And His Attorneys Is Proper.

Additionally, Objector Daniel Dasenbrock asserts that the "only one getting anythin[g] out of this Class Action Settlement is Chris Armes and the Lawyer."[13] At the outset, it should be noted that this objection is an unsubstantiated, conclusory allegation that is void of any reasoning, and therefore, should be rejected. In any event, as explained below, the award to Chris Armes and his attorneys is reasonable.

First, the $3,000 award to Plaintiff Chris Armes is fair given that, if successful at trial, he could have recovered this amount in statutory damages under FACTA. FACTA provides for statutory damages up to $1,000 per willful violation. As Plaintiff received three separate receipts from Defendant, he could be have recovered $3,000 from Defendant. Clearly, the settlement amount to Chris Armes is merited here.

But even if this was not the case, $3,000 is awardable as an incentive award.[14] "Courts commonly permit payments to class representatives above those received in settlement by class members generally."[15] "This circuit has indicated that incentive fees are designed to encourage individuals to become named plaintiffs."[16] "Because a plaintiff is an essential ingredient in any class action, an incentive award is appropriate if it is necessary to induce an individual to

---

[12] *See, e.g. In re Excess Value Ins. Coverage Litig.*, MDL-1339, 2004 U.S. Dist. LEXIS 14822, *48-51, 60 (S.D.N.Y. July 30, 2004).

[13] *See* Objection of Daniel Dasenbrock, attached as <u>Exhibit C</u>.

[14] *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1997) (affirming $25,000 incentive award); *Great Neck Capital Appreciation Inv. Partnership, L.P. v. Pricewaterhouse Coopers, LLP*, 212 F.R.D. 400, 412 (E.D. Wis. 2002) (approving incentive awards of $5,000).

[15] *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 870 (E.D. La. 2007) (citations omitted).

[16] *Meyenburg v. Exxon Mobil Corp.*, No. 3:05-C-15-DGW, 2006 U.S. Dist. LEXIS 52962, *6 (S.D. Ill. July 31, 2006).

participate in a suit . . . [r]elevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation."[17] In this case, Chris Armes has performed all of his duties in this litigation, including filing the lawsuit, participating in discovery and sitting for a deposition. He was also found to be a proper class representative by this Court and was able to obtain relief for the class members through the proposed settlement where thousands of class members are getting a free night's stay at Defendant's motel, a motel at which all of the class members have previously stayed. As a result, the $3,000 award to Plaintiff is proper here.

Second, Objector Dasenbrock offers no authority to support his claim that the $190,000 attorney fee award is somehow improper. Successful litigants are entitled to an award of attorney's fees under FACTA. Here, as part of the settlement, the parties came to an arm's length agreement on the award of attorney's fees and costs *in an amount less* than the amount of fees and costs actually incurred by Plaintiff's counsel in this case. Normally, counsel is entitled to their lodestar amount in fee-shifting cases, which is determined by multiplying "the number of hours reasonably expended on the litigation times a reasonable rate."[18] "The lodestar "is presumed to be a reasonable fee"[19] and "includes most, if not all, of the relevant factors

---

[17] *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). *See Meyenburg*, 2006 U.S. Dist. LEXIS 52962, at *5-6 ("An incentive fee of $3,000 for class representative . . . is appropriate . . . . In the case at bar, [plaintiff] took the inconvenience and risk of pursuing litigation with only the possibility of monetary gain that at best would be modest. Granting an incentive fee to him will serve the added purpose of encouraging individuals to pursue similar litigation in the future.").

[18] *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[19] *Id.*; *accord People Who Care v. Rockford Bd. Of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996).

constituting a reasonable attorneys' fee."[20] In the interest of settlement, Plaintiff's counsel has agreed to take less than its lodestar, having incurred more than $279,000 in fees and $5,773.79 in costs.[21]

Moreover, the rates recoverable on contingency cases should account for the risk of non-payment.[22] As stated by Judge Posner:

> A contingent fee must be <u>higher</u> than the fee for the same legal services as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders, but also for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of a conventional loan.[23]

In this case, Plaintiff's counsel undertook the litigation and bore the full risk of no recovery at all.

Finally, the reasonableness of such a fee award is further evidenced by the fact that the Defendant has agreed to pay it. The virtue in the negotiation of fees by the adversarial parties to a settlement regarding the amount of fees to be paid – the defendant who wants to minimize the payment to be made versus the lawyers who wish to receive it – is that the "markets know market values better than judges do."[24]

In sum, because the fee award was agreed to in an arm's length negotiation between adverse parties, is in an amount less than the amount actually incurred by Plaintiff's counsel in this litigation, and that Plaintiff's counsel took this case on a contingency basis, such an award is

---

[20]  *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986).

[21]  *See* Plaintiff's Submission of Materials in Support of Final Approval of the Class Action Settlement, at <u>Exhibits C and D.</u>

[22]  *Northcross v. Board of Education*, 611 F.2d 624, 638 (6th Cir. 1979) (the normal market rate, "based upon an expectation of payment, win, lose, or draw," is unreasonably low where the entire fee award is at risk.)

[23]  Richard A. Posner, ECONOMIC ANALYSIS OF LAW, 534, 567 (4th ed. 1992) (emphasis added).

[24]  *See In Re Continental Illinois Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

reasonable.

## II. CONCLUSION

For all of the reasons stated herein, none of the objections merit a denial of Final Approval of the Class Action Settlement, and as such, the objections should be overruled.

Respectfully submitted,

| | |
|---|---|
| By: s/ Paul F. Markoff | By: s/ Maria Z. Vathis |
| One of Plaintiff's Attorneys | One of Defendant's Attorneys |
| Lance A. Raphael | Thomas H. Ryerson |
| Stacy M. Bardo | Maria Z. Vathis |
| Allison A. Krumhorn | Clausen Miller, P.C. |
| The Consumer Advocacy Center, P.C. | 10 S. LaSalle Street |
| 180 W. Washington St., Ste. 700 | Chicago, Illinois 60602 |
| Chicago, IL 60602 | Tel: 312.855.1010 |
| Tel: 312.782.5808 | Fax: 312.606.7777 |
| Fax: 312.377.9930 | |

Paul F. Markoff
Markoff Law Firm, LLC
180 W. Washington St., Ste. 700
Chicago, IL 60602
Tel: 312.726.4162
Fax: 312.277.2507